UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-22940-RAR
(20-CR-20155-RAR-5)

**JONNATHAN JESUS GONZALEZ**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING MOVANT'S REQUEST FOR BAIL

**THIS CAUSE** is before the Court on Movant Jonnathan Jesus Gonzalez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [ECF No. 1] ("Motion"). Although the Motion contains three "grounds," the third ground does not challenge the legality of Movant's federal sentence and instead argues that Movant should be released on bail while the Court adjudicates his § 2255 Motion. *See* Motion at 7 ("The Court should admit Petitioner to bail pending the disposition of the Section 2255 proceedings."). As Movant himself recognizes, bail can only be granted in "extraordinary circumstances." *Id.* Having reviewed the applicable case law and the allegations in Movant's Motion, the Court concludes that Movant's request for bail should be DENIED.

"The custody of habeas petitioners during the pendency of their habeas proceedings is governed by Rule 23(b) of the Federal Rules of Appellate Procedure[.]" *Ostrer v. United States*, 584 F.2d 594, 597 (2d Cir. 1978). Rule 23(b) explains that "[w]hile a decision not to release a prisoner is under review, the court or judge rendering the decision . . . may order that the prisoner be released on personal recognizance, with or without surety." Fed. R. App. P. 23(b)(3). Although

Rule 23(b) "does not itself set forth any substantive criteria for determining detention or release," *United States v. Dade*, 959 F.3d 1136, 1138 (9th Cir. 2020), federal courts around the country have repeatedly held that "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success[,]" *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989); *see also Ostrer*, 584 F.2d at 596 n.1 ("[W]e have held that a habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.") (internal citations omitted); *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) ("We stated that the factual predicate for the exercise of such power was a finding of 'extraordinary circumstances.'").

The Court finds two strong reasons to deny relief under Rule 23(b). To start, it is dubious whether <u>district courts</u> have the power to grant bail under Rule 23(b) in the first place. In a recent decision rendered by this Court, United States District Judge Beth Bloom surveyed a wide sampling of district court cases from around the country and adopted the majority view of those courts: "Rule 23(b) does not apply to habeas petitions that remain pending before a federal district court." *Destin v. Florida*, No. 22-cv-22251, 2022 WL 3656964, at *1 (S.D. Fla. Aug. 25, 2022). Judge Bloom concluded that "the plain language of Rule 23(b) 'appears to apply only to motions for release filed *after* the district court has issued a decision on the merits of a habeas petition.'" *Id.* (quoting *Hall v. San Francisco Super. Ct.*, No. 09-5299, 2010 WL 890044, at *1 (N.D. Cal. Mar. 8, 2010)) (emphasis in original). The Court agrees with Judge Bloom's analysis and finds that it does not have the authority to grant bail under Rule 23(b).

However, Movant has provided case law that district courts (at least in the Section 2255 context) still have the inherent authority to grant bail, irrespective of Rule 23(b). *See, e.g.*,

*Fernandez v. United States*, No. 16-CV-60091, 2017 WL 6597535, at *13 (S.D. Fla. Mar. 3, 2017) ("However, district courts have inherent power to place Section 2255 applicants on bail."), *report and recommendation adopted*, 2017 WL 6597968 (S.D. Fla. Aug. 22, 2017).  Assuming Movant is correct, the Court is still restrained by certain equitable principles, as bail can only be granted "when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).[1]

Without deciding whether Movant's claims have a high probability of success, the Court finds that Movant has failed to allege an "extraordinary or exceptional circumstance" which justifies bail.  Movant's argument appears to be that he "has demonstrated that he is actually innocent of 18 U.S.C. § 1028A(a)(1)" and that he will "complete his sentence imposed for [18 U.S.C. § 1349] by October 3, 2022[.]"  Motion at 7.  These arguments are wholly unpersuasive.  *First*, there is nothing "exceptional" about Movant alleging that he is innocent of the charges against him and that his federal sentence is unconstitutional—nearly all postconviction movants feel the same way.  *See Destin*, 2022 WL 3656964, at *2 ("Mere belief that Petitioner's detention is illegal is insufficient since all habeas petitioners share this same circumstance.").  In addition, Movant's claim of actual innocence is belied by the fact he voluntarily pled guilty to the charges against him and expressed remorse for committing the crimes during his sentencing.  *See* Sentencing Tr., *United States v. Gonzalez*, No. 20-CR-20155-RAR-5 (S.D. Fla. Oct. 18, 2021),

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

ECF No. 302 at 89–90 ("I want to apologize for the crime committed and for the bad decisions that I've made. . . . I should have stopped all this and not made these decisions."); *see also Fernandez*, 2017 WL 6597535, at *14 ("His claim of actual innocence is refuted by his statements in open court during the plea and sentencing hearings stating that he is guilty of the offense for which he pled guilty and that he accepts responsibility for his criminal behavior.").

*Second*, Movant's claim that his release is imminent is misleading. It is true that an impending release date is one of the few recognized "exceptional circumstances" which entitle a postconviction movant to bail. *See Landano*, 970 F.2d at 1239 ("Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence."). The problem here is that Movant is currently not scheduled to be released until 2024. Although Movant's sentence on Count 1 of the Indictment has almost concluded, he still must serve another, consecutive 24-month term of incarceration on Count 12. *See* Amended Judgment, *United States v. Gonzalez*, No. 20-CR-20155-RAR-5 (S.D. Fla. Sept. 1, 2022), ECF No. 331 at 2.

Regardless, Movant is also a citizen of the Bolivarian Republic of Venezuela, not the United States, meaning that he will likely be taken into the custody of Immigration and Customs Enforcement even if the Court were to release Movant on bail. *See* Sentencing Tr., *United States v. Gonzalez*, No. 20-CR-20155-RAR-5 (S.D. Fla. Oct. 18, 2021), ECF No. 302 at 83 ("[Movant's Counsel:] My client is going to be deported when this is over[.]"). In short, Movant's only argument for release pending the disposition of his § 2255 Motion is his belief that the Motion is meritorious. This is not an exceptional circumstance, and it does not merit bail.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Movant's request for bail, contained within his § 2255 Motion [ECF No. 1] and pursuant to Fed. R. App. P. 23(b), is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of September, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record

   Jonnathan Jesus Gonzalez
   28548-509
   Allenwood Low Federal Correctional Institution
   Inmate Mail/Parcels
   P.O. Box 1000
   White Deer, PA 17887
   PRO SE